UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY S. TIFT,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>THE INTERNAL REVENUE SERVICE, and MEL HAMMER, individually,<br><br>　　　　　　Defendants. | Case No. C08-332MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ACTION WITH PREJUDICE |

This matter comes before the Court on Defendants' motion to dismiss Plaintiff's petition to quash summons and complaint for damages. (Dkt. Nos. 7 & 8.) Plaintiff opposes the motion. (Dkt. No. 9 & 10.) Having considered the motion and response, Defendants' reply (Dkt. No. 11), Plaintiff's reply (Dkt. No. 12), all documents submitted in support of those briefs and the balance of the record, the Court GRANTS Defendants' motion and DISMISSES this action WITH PREJUDICE and WITHOUT leave to amend.

**Background**

This action involves a dispute between Gregory Tift, proceeding pro se, the Internal Revenue Service ("IRS") and a revenue officer, Mel Hammer, regarding a summons issued by Mr. Hammer. Mr. Tift is engaged in litigation in the US Tax Court. (Compl., p. 2.) On February 7, 2008, Mr. Hammer, on behalf of the IRS, issued a summons to Bank of America. (Compl., Ex. A.) The attached subpoena required Bank of America to produce Mr. Tift's financial documents for a seven year period beginning January 1, 2001. (Id.) A hand written note on the bottom of the

ORDER — 1

summons stated: "Note — Under IRC 7609 this summons is exempt from the notice requirements pertaing [sic] to 3rd party summonses." (Id.)  Alleging that the summons was <u>not</u> exempt from the statutory notice requirements and that the summons is over broad, unreasonable, oppressive, and unduly burdensome, Mr. Tift filed a petition to quash the summons. (Dkt. No. 1.)  Through that pleading, he also seeks an injunction against future action by the IRS and damages resulting from Defendants' "misrepresentations."

The IRS, acting through Mel Hammer, withdrew the summons on March 28, 2008, one month after Mr. Tift filed this suit. (Defs' Mot., Ex. A.)  Defendants then moved to dismiss on mootness grounds, and also on grounds of insufficient service of process, lack of subject matter jurisdiction, and failure to state a claim.  Mr. Tift opposes the motion, arguing that (1) he has remedied the insufficient service, (2) the IRS issued an unauthorized summons, (3) he cannot receive due process in the tax court, (4) he should be allowed to amend his complaint to bring claims under 26 U.S.C. § 7433(a) & (c), and (5) at the very least, his action should be dismissed without prejudice and he should be reimbursed the $350.00 filing fee.  In his reply brief, Mr. Tift appears to limit his request to reimbursement for the filing fee and dismissal without prejudice.  Mr. Tift does not allege that Bank of America ever released the subpoenaed information.

This is not Mr. Tift's first action against Mr. Hammer.  In 2006, this Court dismissed (on sovereign immunity and other jurisdictional grounds) a tort action Mr. Tift brought against Mr. Hammer for alleged harassment related to the IRS investigation. See <u>Tift v. Hammer</u>, Case No. C05-2039C (W.D. Wash. April 7, 2006).

**Discussion**

**I.   Mootness**

Mr. Tift does not dispute that the withdrawal of the IRS summons renders his petition to quash the summons moot.  Without an existing "case or controversy," the petition to quash the summons must be dismissed for lack of jurisdiction. See <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); <u>Pac. Fisheries, Inc. v. United States</u>, C04-1147MJP, 2004 U.S. Dist. LEXIS 21395, at *2-3

ORDER — 2

(W.D. Wash. Sept. 3, 2004) ("The Court grants Defendant's motion for Rule 12(b)(1) dismissal because Petitioner's motion to quash became moot when the I.R.S. withdrew the summons."). The Court DISMISSES Mr. Tift's petition to quash as moot.

**II.     Reimbursement of Fee**

Mr. Tift suggests that the Court should reimburse his $350 filing fee. He offers no legal authority for the reimbursement, but argues that reimbursement would be "just." The only possible authority would be 26 U.S.C. § 7430, which provides that a "prevailing party" may be awarded costs and fees in an action brought by or against the U.S. "in connection with the determination, collection, or refund of any tax, interest, or penalty." To be a "prevailing party," the position of the U.S. must not have been "substantially justified." 26 U.S.C. § 7430(c)(4). In a virtually identical action, this Court ruled that where the IRS concedes its position by withdrawing the bank summons, the Court is left "without a basis to regard the U.S.'s position as anything short of reasonable or substantially justified, and moreover, without a basis to consider Petitioner the prevailing party." Pac. Fisheries, 2004 U.S. Dist. LEXIS 21395, at *5. Mr. Tift offers no reason why the Court should not come to the same conclusion today. The cost award is DENIED.

**III.    Dismissal With Prejudice**

In his response, Mr. Tift argues that he should be granted leave to amend his complaint, but then appears to abandon that argument in his reply in favor of dismissal without prejudice. Mr. Tift has offered little substantive response to Defendants' arguments in favor of dismissal with prejudice. For the reasons explained below, Mr. Tift's complaint must be dismissed with prejudice on sovereign immunity and jurisdictional grounds.

First, Mr. Tift cannot allege a claim against Mr. Hammer in his individual capacity. Under the judicially-created corollary to a 42 U.S.C. § 1983 claim, a citizen may sue individual federal agents if he or she "suffer[ed] a compensable injury to a constitutionally protected interest." Butz v. Economou, 438 U.S. 478, 486 (1978); Bivens v. Six Unknown Fed. Narcotics Agents, 403

ORDER — 3

U.S. 388 (1971). But "Bivens relief is not available for alleged constitutional violations by IRS officials involved in the process of assessing and collecting taxes" because the comprehensiveness of the Internal Revenue Code renders judicial remedies unnecessary. Adams v. Johnson, 355 F.3d 1179, 1184-86 (9th Cir. 2004). To the extent that he alleges a claim again Mr. Hammer individually and for alleged constitutional violations, Mr. Tift's claim must be dismissed with prejudice.

Second, Mr. Tift may not allege claims against the IRS or against Mr. Hammer in his official capacity. "[A]ny lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States." Balser v. Dep't of Justice, 327 F.3d 903, 907 (9th Cir. 2003). If, as here, "the relief sought against a federal officer in fact operates against the sovereign, then the action must be deemed as one against the sovereign." New Mexico v. Regan, 745 F.2d 1318, 1320 (10th Cir. 1984). Moreover, the IRS is not a suable entity. See White v. Internal Revenue Service, 790 F. Supp. 1017, 1019 (D. Nev. 1990). Mr. Hammer and the IRS must therefore be dismissed. The Court construes Mr. Tift's suit as a suit against the United States. See White, 790 F. Supp. at 1019-20.

Third, the United States, as sovereign, is immune from suit unless it has unequivocally waived its sovereign immunity. Balser, 327 F.3d at 907. The party bringing suit bears the burden of demonstrating that the United States has consented to suit. Cato v. United States, 70 F.3d 1103, 1107 (9th Cir. 1995). In his complaint, Mr. Tift cites 26 U.S.C. § 7609 as the basis for his suit. But that provision only provides for quashing of a summons, an issue which is now moot. It does not waive sovereign immunity in regards to monetary or injunctive remedies.

Fourth, Plaintiff's requests for injunctive and declaratory relief are barred by the Anti-Injunction Act and the Declaratory Judgments Act. The Anti-Injunction Act prohibits suits "for the purpose of restraining the assessment or collection of any tax" regardless of whether the person bringing suit is the person against whom the tax was assessed. 26 U.S.C. § 7421(a). Although some statutory and common law exceptions to the Anti-Injunction Act exist, Plaintiff

ORDER — 4

has not argued that any of these exceptions apply here. See 16 U.S.C. § 7421(a); <u>Bob Jones Univ. v. Simon</u>, 416 U.S. 725, 737 & 742 (1974) (affirming exception where it is clear that the United States cannot prevail in suit). Moreover, the Declaratory Judgment Act specifically bars the granting of declaratory relief "with respect to Federal taxes." See <u>Bob Jones Univ.</u>, 416 U.S. at 732 n.7 (quoting 28 U.S.C. § 2201). The Court is therefore without jurisdiction to issue an injunction or declaratory relief.

Fifth, Plaintiff suggests in his papers that he hopes to bring claims (either through amending his complaint or in a future suit) under 26 U.S.C. §§ 7433(c) & (a). Section 7433 provides:

> (a) In general. If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432 [26 USCS § 7432], such civil action shall be the exclusive remedy for recovering damages resulting from such actions.
>
> (b) Damages. In any action brought under subsection (a) or petition filed under subsection (e), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $ 1,000,000 ($ 100,000, in the case of negligence) or the sum of--
>
>> (1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and
>>
>> (2) the costs of the action.
>
> (c) Payment authority. Claims pursuant to this section shall be payable out of funds appropriated under section 1304 of title 31, United States Code.

26 U.S.C. §§ 7433. Defendants argue, and Mr. Tift does not dispute, that the immediate dispute with the IRS relates to its tax <u>assessment</u>, rather than <u>collection</u>, and therefore falls outside the scope of § 7433. Moreover, subsection (d) of § 7433 requires that an individual exhaust his or her administrative remedies within the IRS before bringing suit under § 7433. See 26 U.S.C. § 7433. Mr. Tift has not alleged that he has exhausted his administrative remedies, and the Government argues that he has not done so. Because the Court does not have jurisdiction over a

ORDER — 5

1  § 7433 claim unless and until the plaintiff has exhausted his administrative remedies, and because
2  Mr. Tift's current dispute does not appear to involve tax collection, amendment would be futile.
3      Finally, Defendants argue that Mr. Tift failed to properly serve his complaint. Because
4  other bases provide grounds for dismissal, and because he is proceeding pro se, the Court need
5  not consider this argument.

### Conclusion

7      Mr. Tift's petition to quash the IRS summons is moot. Because the Court is without
8  jurisdiction to hear any of his other complaints, his complaint is DISMISSED WITH
9  PREJUDICE and without leave to amend.
10     The clerk is directed to send copies of this order to all counsel of record and to Mr. Tift.
11     Dated: June 10th, 2008.

                                              Marsha J. Pechman
                                              United States District Judge

ORDER — 6